**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID OSIO, *et al.*, | Civil Action No.: 05-2283 (JLL) |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| ROBERT W. DEMANE, | |
| Defendant. | |
| CELESTINO DIAZ, *et al.*, | Civil Action No.: 05-2280 (JLL) |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| ROBERT W. DEMANE, *et al.*, | |
| Defendants. | |

**APPEARANCES:**

Philip B. Seaton, Esq.
Joseph Click, Esq.
BLANK ROME LLP
Woodland Falls Corporate Park
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002

Arthur Ballen, Esq.
ARTHUR E. BALLEN, P.C.
1103 Laurel Oak Road, Suite 160
Voorhees, NJ 08043

-1-

Melvin Greenberg, Esq.
Sumeeta Gawande, Esq.
GREENBERG DAUBER EPSTEIN & TUCKER
One Gateway Center - Suite 600
Newark, NJ 07102

**LINARES**, District Judge:

This matter comes before the Court on the motions of Defendant Robert W. DeMane (hereinafter "Defendant" or "DeMane") for reconsideration of this Court's July 26, 2005 Opinion and Order pursuant to Local Civil Rule 7.1(g).[1] This Court has considered the submissions in support of and in opposition to these motions. This matter is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant DeMane's motions for reconsideration are denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

A detailed factual background of this case is set forth in the prior Opinion and Order of this Court dated July 26, 2005 ("July 26 Opinion"), and will not be repeated here.

The instant motions[2] ask this Court to reconsider its holding in the July 26 Opinion with respect to its decision not to consider Defendant's argument to dismiss the *Diaz* Complaint for failure to plead with particularity, and its decision denying Defendant's motion to dismiss the state law claims.

---

[1] By Order dated February 24, 2005, Local Civil Rule 7.1 was repealed in its entirety, and replaced. The current Local Civil Rule 7.1(g), under which Defendant now moves for reconsideration, addresses the requirement of providing courtesy copies of briefs to the court. Since this is an obvious oversight of the intervening change in the Rules, the Court will sua sponte apply Local Civ. R. 7.1(i), which applies to motions for reconsideration.

[2] Two motions for reconsideration were filed, one in the *Osio* case (05-2283) and one in the *Diaz* case (05-2280).

The focus of the Court's July 26 Opinion was on dismissing Plaintiffs' claims of violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, for failure to adequately plead compliance with the applicable statute of limitations.  Next, the Court denied Defendant's motion to dismiss the remaining claims because Defendant did not separately analyze how the remaining claims failed to meet the applicable legal standards.  Instead, Defendant relied on his argument with respect to the Rule 10b-5 claims expecting the Court would intuit those arguments for the remainder of the Complaint.

Lastly, it is important to note that before briefing on this motion for reconsideration had been completed, Plaintiffs filed an Amended Complaint and a new round of motions to dismiss were filed by Defendant and are now pending.

## LEGAL DISCUSSION

**A.      Standard for Reconsideration**

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  This Rule provides, in relevant part:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i).  Prior to reaching the merits of a motion for reconsideration, the court must determine whether the arguments are appropriately raised under the Local Rule.  Holten v. Chevron, U.S.A., 2002 U.S. Dist. LEXIS 10151, *4 (D.N.J. May 20, 2002).  "The motion may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue."  Id. (citing Student Pub. Interest

Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989)).  Relief by way of motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly."  Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); Sagaral v. Mountainside Hosp., 2001 U.S. Dist. LEXIS 6872, *3 (D.N.J. Mar. 27, 2001);  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion."  Bowers v. N.C.A.A., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998).  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indus., 935 F. Supp. at 516; 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d., § 2810.1 (1995).  Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Township Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003). With this legal framework in mind, the Court will now consider Defendant's motion for reconsideration.

B.     **Entitlement to Reargument**

The Court must first determine whether Defendant's arguments are properly raised under Local Civil Rule 7.1(i), thus permitting this Court to reach the merits of the motion for reargument. Defendant must meet his burden to put forth dispositive facts or controlling decisions which he claims this Court overlooked. L.Civ. R. 7.1(i). This Court finds that all arguments now raised by Defendant were previously raised and already considered by this Court in conjunction with Defendant's motion to dismiss. Defendant has failed to demonstrate that this Court overlooked a controlling decision of law or dispositive factual matter in rendering the July 26 Opinion and Order, and accordingly, is not entitled to reconsideration of the decision.

Initially, Defendant maintains that the Court erred in striking Defendant's argument to dismiss the *Diaz* Complaint for failure to plead with particularity. In evaluating the merits of the instant motion, it is important to remember that mere disagreement with the Court's decision is inappropriate on a motion for reargument, and should instead be raised through the normal appellate process. Holten, 2002 U.S. Dist. LEXIS 17600, *6. Instead, only in circumstances "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Defendant sets forth in his motion for reconsideration that, on page fourteen of the July 26 Opinion, this Court incorrectly stated that in Defendant's reply brief he argued for the first time that none of the *Diaz* Plaintiffs plead fraud with particularity. While the Court did make that statement, Defendant's present argument about this misstatement does not alter the correctness of the Court's earlier conclusion. Perhaps a clearer statement would have been that

Defendant, in his reply brief, raised a new and more compelling argument in support of his allegation that the *Diaz* Plaintiffs failed to plead fraud with particularity. Defendant suggests in this motion for reconsideration that his reply brief elaborated on the deficiencies in the *Diaz* Plaintiffs' Complaint. There is a clear difference to arguing generally that plaintiffs did not plead with particularity and arguing specifically that

> The Diaz complaint does not assert that any of the Diaz plaintiffs ever spoke with Mr. DeMane, or received any documents from Mr. DeMane, or received from Mr. Osio any document that Osio received from Mr. DeMane. Since the Diaz plaintiffs do not allege that Mr. DeMane ever made any statement to them, they have no basis for a claim under PSLRA as a matter of law.

(Def. Reply at 2). This specific argument is set forth on page one of Defendant's currently pending motion to dismiss. Therefore, this Court will consider that argument now properly before this Court when the new motion to dismiss is decided.

In the July 26 Opinion, the Court denied Defendant's motion to dismiss Count I for failure to plead fraud with particularity and for failure to state a claim because the Court found the failure to meet the burden of pleading the statute of limitations to be dispositive of the issue. If Plaintiffs cannot meet their burden under the statute of limitations, it is irrelevant whether they have stated a claim or adequately pled fraud. Therefore, in light of the Court's decision as to the statute of limitations, those arguments were moot and the Court consequently did not reach their merits. This again is also the subject of Defendant's currently pending motion and Defendant will have the opportunity to have those arguments considered at the time the new motion is decided if in fact Plaintiffs have now properly pled the statute of limitations and the arguments are not moot.

Secondly, Defendant maintains that the Court erred in denying the motion to dismiss the

state law claims.  Contrary to Defendant's belief, the Court did not overlook Defendant's arguments on pages 33 and 34 of his moving brief.  Those pages summarly concluded that the state law claims should be dismissed for the same reasons that the federal securities fraud claim should be dismissed.  As Plaintiffs eloquently quoted United States v. Dunel, 927 F.2d 955, 956 (7th Cir. 1991), in their opposition brief to the present motion, "judges are not like pigs, hunting for truffles buried in briefs."  The state law claims are different than the federal securities fraud claim and a conclusory argument asking this Court to dismiss the former claims for the same reasons as the latter is asking the Court to generalize about these claims.  It is of no moment that they may or may not share some common elements.  The Court considered the cases cited by Defendant on pages 33-34 of his moving brief and did not find them either persuasive or binding on this Court.  Thus, Defendant's argument amounts to nothing more than a disagreement with the Court's conclusions.  As such, it is tantamount to an appeal and not properly considered in a motion for reconsideration.  See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998).

Finally, Defendant contends that this Court misread California Pub. Employees' Retirement Sys v. Chubb Corp., 394 F.3d 126, 160 (3d Cir. 2004), in concluding that Chubb does not support Defendant's position.  This is a challenge to the Court's interpretation and application of Chubb.  To the extent that Defendant's purpose is "to correct manifest errors of law or fact," Harsco Corp., 779 F.2d at 909, the Court will reconsider it's earlier decision.  The Court has thoroughly re-read and analyzed the Third Circuit's decision in Chubb and stands by it's prior decision.  As this Court previously enunciated, Chubb does not stand for the proposition that state law fraud claims are subject to the heightened level of pleading particularity under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 et seq., nor does

it state that non-fraud claims fail along with the federal securities claim. "Rule 9(b) and the PSLRA impose distinct and independent pleading standards. Chubb, 394 F.3d at 161.

The Court finds that the instant motions, filed in both the *Osio* and *Diaz* cases, amount to nothing more than a disagreement with this Court's earlier ruling and an attempt to re-litigate the original motions to dismiss. Accordingly, Defendant's motions are denied as the Court finds that Defendant is not entitled to reconsideration of this Court's prior decision.

## **CONCLUSION**

For the reasons set forth above, it is on this 29th day of March, 2006, hereby:

**ORDERED** that Defendant's motions for reconsideration [05-2283, #31; 05-2280 #26] are **DENIED**.


DATED: March 29, 2006                    /s/ Jose L. Linares
                                         JOSE L. LINARES,
                                         UNITED STATES DISTRICT JUDGE