UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CELESTINO DIAZ, ET AL.,** | : | |
| Plaintiffs, | : | Civil Action No. 05-2280 (JLL) |
| v. | : | |
| **ROBERT W. DEMANE,** | : | |
| Defendant. | : | |
| **DAVID J. OSIO, ET AL.,** | : | |
| Plaintiffs, | : | Civil Action No. 05-2283 (JLL) |
| v. | : | |
| **ROBERT W. DEMANE,** | : | **OPINION AND ORDER** |
| Defendant. | : | |

This matter comes before the Court by way of Defendant's letter applications to void the settlement for failure to make discovery or, in the alternative, to compel Plaintiffs' depositions (05-2280, Docket Entry No. 60; 05-2283, Docket Entry No. 82) and Plaintiffs' motion for a protective order (05-2283, Docket Entry No. 84). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. For the reasons expressed below, Defendant's applications to compel are GRANTED and Plaintiffs' motion is DENIED.

**FACTUAL BACKGROUND**

On June 11, 2007, this Court granted Defendant Robert W. DeMane "leave to take

additional discovery regarding the validity of Plaintiffs' signatures on the settlement documents [in this matter] and/or whether Plaintiffs in fact authorized the settlement." (05-2280, Docket Entry No, 59; 05-2283, Docket Entry No. 81). The Court further ordered that "[s]aid discovery shall be completed within ninety (90) days of the date of this Order." Defendant noticed the depositions of Plaintiffs for their offices in Newark, New Jersey. The depositions were noticed for various dates in June and July 2007. The parties were unable to agree on the appropriate location to conduct the depositions of the Plaintiffs. Defendant submitted letter applications to void the settlement in this matter for failure to make discovery or, in the alternative, to compel the depositions of Plaintiffs (most of whom reside in South America) within the District of New Jersey. In response, on July 17, 2007, Plaintiffs moved before this Court for a protective order finding that the depositions of Plaintiffs need not proceed in New Jersey and may instead proceed via videoconferencing in Venezuela.[1]

## DISCUSSION

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). Where a Magistrate Judge rules on a non-dispositive matter such as a discovery motion, he or she does so through an exercise of discretion. See Doe v. Hartford Life and Accident Ins. Co., 2007 WL 1963019, *2

---

[1] Defendant has filed Motions to Dismiss the Complaints for Fraud on the Court and to Declare the Settlement Agreement Null and Void. While these Motions are currently pending before the Hon. Jose L. Linares, U.S.D.J, the Court is constrained to note that the briefing submitted in connection with the Motions indicates that certain discovery with respect to the settlement documents and the Affidavits submitted by Plaintiffs in support of the Diaz Complaint (the "Verifying Affidavits") remains outstanding. Although Plaintiffs apparently concede in their opposition to Defendant's Motions that they did not execute the settlement documents in the presence of the notary, discovery regarding the circumstances surrounding the execution of the settlement documents and the Verifying Affidavits is not complete.

(D.N.J. July 2, 2007)(citing <u>Kresefky v. Panasonic Commc'ns & Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996). In addition, a ". . . district court, either through the magistrate or the district judge, has great discretion in designating the location of the taking of a deposition . . ." <u>South Seas Catamaran, Inc v. Motor Vessel Leeway</u>, 120 F.R.D. 17, 21 (D.N.J. 1988).

"It is well established that [a] plaintiff must make himself available for deposition in the district in which he has brought suit." <u>McClain v. Camouflage Assoc's</u>, 1994 WL 105814, *1 (E.D. Pa. March 25, 1994). "[A] non-resident plaintiff who elects to sue in a foreign forum is required to make himself available to examination for discovery purposes in such forum in the absence of a showing of unreasonable hardship or the presence of exceptional circumstances." <u>Hart v. Simons</u>, 29 F.R.D. 146, 147 (E.D. Pa. 1961). Similarly, a party seeking issuance of a protective order must demonstrate good cause. Fed. R. Civ. P. 26; <u>Cooper Hospital/University Medical Center v. Sullivan</u>, 183 F.R.D. 135, 143 (D.N.J. 1998).

Here, Plaintiffs have neither shown good cause warranting the entry of a protective order, nor have they demonstrated unreasonable hardship or the presence of exceptional circumstances such that they should not be required to appear in this forum to be deposed. In their moving papers, Plaintiffs argue that traveling to the District of New Jersey will force them to incur undue expenses and assert that videoconferencing is an adequate substitute for live deposition testimony. The Court is not persuaded by Plaintiffs' arguments. Plaintiffs' depositions must proceed in this forum to ensure the development of an accurate record and to enable Defendants to clarify remaining issues regarding the validity of the settlement documents.

As an initial matter, the Court notes that Plaintiffs chose to initiate their suits in this District. They are investors seeking to recover significant damages in these matters. Plaintiffs should not be permitted to reap the benefits of litigating in this forum without appearing for

proceedings related to their claims. In addition, the Court observes that Plaintiffs are alleged to have engaged in fraudulent conduct which now forms the basis of a motion to dismiss the Complaints. Given these factors, it is appropriate to require Plaintiffs to appear in New Jersey to be deposed, as is generally required.

The Court is persuaded that videoconferencing is not an acceptable substitute for live deposition testimony in this matter. The validity of the Plaintiffs' respective authorizations of the settlement documents are significant issues in these cases. Defendant argues, and the Court agrees, that he will be hindered in his attempt to verify relevant documents absent live testimony from the Plaintiffs.

Accordingly, the depositions of the Plaintiffs shall proceed in the District of New Jersey. Such depositions shall be completed within sixty (60) days of the date of this Order. Given that there are twenty-four Plaintiffs in these matters, Defendant shall initially select three Plaintiffs to be deposed within the sixty-day period. Upon conclusion of these initial depositions, Defendant shall advise the Court as to whether he seeks to depose the remainder of the Plaintiffs (and whether any additional discovery remains outstanding). At that time, the Court will determine whether the remaining depositions sought by the Defendant shall be conducted in the District of New Jersey. Defendant's applications to compel are hereby GRANTED. Plaintiffs' motion for a protective order is hereby DENIED.

   *s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**